T.C. Memo. 1999-152


UNITED STATES TAX COURT


ROBERT L. HAWES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10611-98.                          Filed May 5, 1999.


Robert L. Hawes, pro se.

Paul K. Voelker, for respondent.


MEMORANDUM OPINION

DINAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for 1991 and 1993 in the amounts of $6,154 and $6,290, respectively, additions to tax pursuant to section 6651(a)(1) in the amounts of $1,539 and $1,573, respectively, and additions to tax pursuant to section 6654(a) in the amounts of $296 and $62, respectively.

The issues for decision are: (1) Whether petitioner has proved any error in respondent's determinations in the statutory notice of deficiency, and (2) whether we should, sua sponte, impose a penalty on petitioner pursuant to section 6673(a).

No stipulations of fact were filed in this case. Petitioner resided in Las Vegas, Nevada, on the date the petition was filed in this case.

Petitioner did not file Federal income tax returns for the taxable years in issue. In a statutory notice of deficiency, respondent determined that petitioner received and failed to report gross income from various sources during the taxable years in issue, including employee wages, nonemployee compensation, unemployment compensation, and interest income. Respondent also determined that petitioner is liable for the section 6651(a)(1) additions to tax for failing to file his returns for the taxable years in issue. Respondent also determined that petitioner is liable for the section 6654(a) additions to tax for failing to make estimated tax payments for the taxable years in issue.

The first issue for decision is whether petitioner has proved any error in respondent's determinations in the statutory notice of deficiency. Based on the record, we find that petitioner has failed to prove any error in respondent's determinations. See Rule 142(a). We will not address petitioner's tax protester ramblings which were asserted in the attachments to his petition, in attachments to his trial memorandum, and at trial. As was stated by the Court of Appeals for the Fifth Circuit: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). We hold that respondent's determinations of deficiencies in petitioner's Federal income taxes for 1991 and 1993 and additions to tax pursuant to sections 6651(a)(1) and 6654(a) for 1991 and 1993 are sustained.

The second issue for decision is whether we should, sua sponte, impose a penalty on petitioner pursuant to section 6673(a). Whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, the Court, in its discretion, may require the taxpayer to pay to the United States a penalty not in excess of $25,000. See sec. 6673(a)(1)(A) and

(B).  A position maintained by a taxpayer in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  A penalty is properly imposed when the taxpayer knew or should have known that his claim or argument was frivolous.  See Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987).

We find that petitioner's arguments made in his petition, in his trial memorandum, and at trial are frivolous.  He has caused this Court to waste its limited resources on his erroneous views of the tax law which he knew or should have known are completely without merit.  In view of the foregoing, we will exercise our discretion under section 6673(a) and require petitioner to pay a penalty to the United States in the amount of $6,000.

To reflect the foregoing,

Decision will be entered for respondent.